## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SUNSTAR ORANGEPARK, INC,

    Plaintiff,

v.                                                                  CASE NO.:

AXIS SURPLUS INSURANCE
COMPANY,

    Defendant.

_____/

## **DEFENDANT, AXIS SURPLUS INSURANCE COMPANY'S, NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant, AXIS SURPLUS INSURANCE COMPANY ("AXIS" or "Defendant") by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and M.D. Fla. Loc. R. 1.06 hereby removes the state court action described below to this Court.

1. On November 19, 2025, Plaintiff, SUNSTAR ORANGEPARK, INC ("Plaintiff"), filed its Complaint and Demand for Jury Trial ("Original Complaint") in The Fourth Judicial Circuit Court in and for Duval County, Florida, under Case No.: 2025-CA-007263, alleging one count for breach of contract against Defendant.

2. On December 10, 2025, AXIS was served with a copy of the Original Complaint.

3. On January 26, 2026, Plaintiff filed a Motion for Clerk's Default against Defendant.

4. On February 10, 2026, Plaintiff filed its Notice of Withdrawal of Motion for Clerk's Default and Stipulation Extending Time for Defendant to Respond to Complaint.

5. On February 10, 2026, Plaintiff filed its Amended Complaint and Demand for Jury Trial ("Amended Complaint") with the state court amending the incorrectly named Plaintiff, "SUNSET ORANGEPARK, INC", to the correctly named Plaintiff, "SUNSTAR ORANGEPARK, INC". and attaching a copy of Policy No. P-001-000802616-02 (the "Policy") issued by AXIS to Plaintiff.

6. In accordance with 28 U.S.C. § 1446(a) and M.D. Fla. Loc. R. 1.06, true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are filed with this Notice of Removal, and attached as Composite **Exhibit A.**

## BASIS FOR FEDERAL JURISDICTION

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(3) and (c)(1) as it is filed within thirty (30) days after AXIS' receipt of Plaintiff's Amended Complaint on February 10, 2026, which AXIS first ascertained that the case is one which is or has become removable, and less than 1 year after commencement of the action on November 19, 2025.

8.  Plaintiff's Original Complaint was not removable on its face because "SUNSET ORANGEPARK, INC" is not an organization organized under any state laws, there was no allegation regarding the domicile or state of incorporation of "SUNSET ORANGEPARK, INC" , was not insured by AXIS and, therefore, AXIS could not determine if the damages alleged in the Original Complaint exceeding $50,000.00 were  above the $75,000.00 threshold for diversity jurisdiction. *See Constas v. Home Depot U.S.A., Inc.*, No. 6:21-cv-1578-WWB-DCI, 2022 WL 1224077, at *2 (M.D. Fla. 2022) ("[T]he Court first looks to the Complaint to determine whether it clearly provided a basis for removal at the outset of [] litigation."); *see also Westland Com. Park v. Arch Specialty Ins. Co.*, 587 F. Supp. 3d 1153, 1157 (S.D. Fla. 2022) ("A case is removable under the first paragraph of Section 1446(b) when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, [the] defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a).") (citations omitted).

9.  AXIS first ascertained that the case was one which was removable when Plaintiff filed the Amended Complaint identifying "SUNSTAR ORANGEPARK, INC" as Plaintiff and attached a copy of the Policy, which set forth the address of Plaintiff at 6099 Youngerman Circle, Jacksonville, Florida 32244. *See* Composite **Exhibit A**, page 41 (Amended Complaint, p. 1) and page 48 (Exh. A to Amended

Complaint, p. 5). This, in turn, enabled AXIS to find the claim in its system and determine the amount in controversy.

10. This Notice of Removal is appropriate as this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1), a corporation shall be deemed a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.

12. After good-faith efforts, AXIS is informed and believes that at the time the Original Complaint was filed, and at all times subsequent thereto, Plaintiff, SUNSTAR ORANGEPARK, INC, was and is a corporation of the State of Florida with its principal place of business in the State of Florida.

13. At the time the Original Complaint was filed, and at all times subsequent thereto, Defendant, AXIS, was and is incorporated in Illinois with its principal place of business in Georgia.

14. Plaintiff's Amended Complaint alleges that damages exceed $50,000.00 exclusive of interest, costs and attorney's fees. *See* Composite **Exhibit A**, page 41 (Amended Complaint, p. 1, para. 1).

15. Upon information and belief, during Defendant's investigation, Plaintiff submitted estimates totaling $1,379,997.47 for damages related to the subject insurance claim under the Policy, including an estimate prepared by Restore Masters of $1,252,338.47, a revised proposal from General Sign of $13,219.00 and an estimate prepared by MPH Restoration LLC of $114,420.00. Copies of the estimates are attached hereto as Composite **Exhibit B**; *see Alexion v. Fed. Ins. Co.*, No. 618CV2112ORL22GJK, 2019 WL 5294937, at *5 (M.D. Fla. Mar. 7, 2019) ("Courts regularly rely on repair estimates completed by plaintiffs' adjusters to determine whether the amount in controversy has been met.") (internal citations omitted).

16. Since this action involves citizens of different states, the amount in controversy exceeds $75,000 exclusive of interest and costs, and this Notice of Removal is timely filed, removal is proper.

17. Removal to the United States District Court for the Middle District of Florida, Jacksonville Division is proper because it is the district and division embracing the place where such action is pending, in accordance with 28 U.S.C. § 1441(a).

18. Promptly after the filing of this Notice of Removal, AXIS will give written notice thereof to Plaintiff and will file a copy of this Notice with The Fourth Judicial Circuit Court in and for Duval County, Florida.

**WHEREFORE**, Defendant, AXIS SURPLUS INSURANCE COMPANY,

respectfully requests that the above-entitled state court action, currently pending in The Fourth Judicial Circuit Court in and for Sarasota County, Florida, under Case No.: 2025-CA-004070 be removed therefrom to the United States District Court for Middle District of Florida, Jacksonville Division, and that this Court assume jurisdiction of this action and make such further orders as may be required.

**Dated: March 5, 2026.**

                                        Respectfully submitted,

                                        */s/ Kyle A. Gretel*
                                        KYLE A. GRETEL, ESQ.
                                        Florida Bar No.: 1014237
                                        kgretel@fgppr.com
                                        sfazio@fgppr.com
                                        ccamacho@fgppr.com
                                        Foran Glennon Palandech Ponzi & Rudloff
                                        2002 North Lois Avenue, Suite 505
                                        Tampa, FL 33607
                                        Telephone:   (656) 207-8040
                                        Attorneys for Defendant, *ACE AMERICAN INSURANCE COMPANY*

**CERTIFICATE OF SERVICE**

I certify that on March 5, 2026, a true and correct copy of the foregoing was filed with the Clerk via the CM/ECF system and served on all counsel of record on the Service List below via Electronic Mail.

**WEISSER ELAZAR & KANTOR, PLLC**
Ruwan Sugathapala, Esq. (Fla. Bar No. 100405)
800 East Broward Boulevard, Suite 610
Fort Lauderdale, FL 33301
T: (954) 486-2623
F: (954) 572-8695
Email: RS@WEKLaw.com
NCR@WEKLaw.com
service@weklaw.com
*Attorneys for Plaintiff, SUNSTAR ORANGEPARK, INC*

                                            */s/ Kyle A. Gretel*
                                            KYLE A. GRETEL, ESQ.